UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWARD LUC and JENNIFER LUC**                        **PLAINTIFFS**

**V.**                               **CIVIL ACTION NO. 1:06CV3 LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY**
**and MIKE MEYERS**                                       **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiffs Edward and Jennifer Luc's motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The original state court complaint and the plaintiffs' first amended complaint allege that the plaintiffs were policy holders insured by Defendant State Farm Fire & Casualty Company (State Farm) and that Defendant Mike Meyers (Meyers) was the agent through whom plaintiffs purchased their State Farm homeowners policy.

According to the complaint and the amended complaint, Defendant Meyers is charged with negligence in having misrepresented the scope of coverage afforded by the plaintiffs' homeowners policy. Specifically, the plaintiffs charge that Meyers told them that their homeowners policy would cover all of the damages that the insured property might sustain during a hurricane, including damages caused by both wind (a covered risk under the terms of the policy) and water (an excluded risk under the terms of the policy). Meyers' representations concerning this issue were allegedly reinforced by similar assurances one of Meyers' employees gave the plaintiffs during a conversation alleged to have occurred during July 2005. (Affidavit of Jennifer Luc)

## Legal Theory Supporting Removal - Fraudulent Joinder

State Farm's citizenship is diverse from the plaintiffs'; Meyers' citizenship is not. If Meyers is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that the plaintiffs have fraudulently joined Meyers as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiffs than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiffs, the Court must also give the plaintiffs the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

## Allegations of the Complaint

Plaintiffs have alleged that when they purchased their State Farm homeowners policy, Meyers "represented to them that the policy covered any damages that the Plaintiffs might incur during a hurricane, including both wind and water damage." (First Amended Complaint Paragraph 12)

According to the affidavit of Plaintiff Jennifer Luc, the plaintiffs met with "one of defendant Meyers' staff in July 2005; and during that meeting defendant's employee assured me and my husband that our Homeowners Policy would provide us full coverage for any damage caused by a hurricane, including those from water."

Plaintiffs do not allege that Myers or any of his employees gave them any specific advice concerning the purchase of separate flood insurance coverage. Plaintiffs allege that they decided not to purchase flood insurance in reliance upon Meyers' representations and on the representations of the unidentified employee of the Meyers Agency concerning the scope of coverage under their State Farm policy.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit the plaintiffs' theory of recovery and allegations against Meyers.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation.  In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the scope of coverage afforded by a policy in circumstances where the advice is reasonably relied upon by the prospective insured, may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Of course, the truth of the plaintiffs' allegations, the circumstances in which Meyers' alleged representations and the representations of the unidentified employee referred to in Plaintiff Jennifer Luc's affidavit were made, the question of whether the plaintiffs reasonably relied upon the statements they attribute to Meyers and his employee, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, Plaintiffs' allegations must be accepted as true; the plaintiffs must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Meyers and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Meyers.  As I appreciate the plaintiffs' theory of recovery, plaintiffs contend that they relied upon Meyers' negligent misrepresentation (and the misrepresentation of Meyers' employee for whom Meyers is legally responsible) concerning the scope of coverage afforded by the State Farm homeowners policy, i.e. the representation that the policy would cover both wind damage and water damage sustained during a hurricane, in making their decision not to purchase

flood insurance coverage.

 Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

 An appropriate order will be entered.

 Decided this 28th day of July, 2006.

            s/ *L. T. Senter, Jr.*

            L. T. Senter, Jr.
            Senior Judge